HANSON BRIDGETT LLP
DOROTHY S. LIU, SBN 196369
dliu@hansonbridgett.com
KENDALL C. FISHER-WU, SBN 322155
kfisher-wu@hansonbridgett.com
500 Capitol Mall, Suite 1500
Sacramento, California 95814
Telephone:      (916) 442-3333
Facsimile:      (916) 442-2348

Attorneys for Defendants
CEMEX CONSTRUCTION MATERIALS
PACIFIC, LLC and CEMEX, INC.

Joshua H. Watson SBN 238058
CLAYEO C. ARNOLD, PC
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916) 777-7777
Facsimile: (916) 924-1829
jwatson@justice4you.com

*Attorneys for Plaintiff*
*Brian Brown*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION**

| | |
|---|---|
| BRIAN BROWN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CEMEX, INC.; CEMEX CONSTRUCTION MATERIALS PACIFIC, LLC; and DOES 1 to 10,<br><br>　　　　Defendants. | No. 2:22-cv-02128-WBS-DB<br><br>**STIPULATED PROTECTIVE ORDER** |

**1.   PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 13.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

1.1. Good Cause Statement. This action is likely to involve confidential employment records, personnel files, and other valuable research, development, commercial, financial, technical and/or proprietary information, trade secrets or customer and pricing information, for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential employment records, personnel

STIPULATED PROTECTIVE ORDER

files, contact information, confidential business practices, and other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing will be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## 2.   DEFINITIONS

2.1  Action: this pending federal law suit, *Brian Brown v. CEMEX Construction Materials Pacific, LLC., et al.*, Case No. 2:22-cv-02128-WBS-DB.

2.2  Challenging Party: A Party or Non-Party that challenges the designation of information or items under this Order.

STIPULATED PROTECTIVE ORDER

1        2.3  "CONFIDENTIAL" Information or Items: information

2 (regardless of how it is generated, stored or maintained) or

3 tangible things that qualify for protection under Federal Rule of

4 Civil Procedure 26(c), and as specified above in the Good Cause

5 Statement.

6        2.4  Counsel: Outside Counsel of Record and House

7 Counsel (as well as their support staff).

8        2.5  Designating Party: A Party or Non-Party that

9 designates information or items that it produces in disclosures

10 or in responses to discovery as "CONFIDENTIAL."

11        2.6  Disclosure or Discovery Material: All items or

12 information, regardless of the medium or manner in which it is

13 generated, stored, or maintained (including, among other things,

14 testimony, transcripts, and tangible things), that are produced

15 or generated in disclosures or responses to discovery in this

16 matter.

17        2.7  Expert: A person with specialized knowledge or

18 experience in a matter pertinent to the litigation who has been

19 retained by a Party or its counsel to serve as an expert witness

20 or as a consultant in this Action.

21        2.8  House Counsel: Attorneys who are employees of a

22 party to this Action. House Counsel does not include Outside

23 Counsel of Record or any other outside counsel.

24        2.9  Non-Party: Any natural person, partnership,

25 corporation, association, or other legal entity not named as a

26 Party to this action.

27        2.10 Outside Counsel of Record: Attorneys who are not

28 employees of a party to this Action but are retained to represent

1   or advise a party to this Action and have appeared in this Action

2   on behalf of that party or are affiliated with a law firm which

3   has appeared on behalf of that party, and includes support staff.

4          2.11 Party: Any party to this Action, including all of

5   its officers, directors, employees, consultants, retained

6   experts, and Outside Counsel of Record (and their support

7   staffs).

8          2.12 Producing Party: A Party or Non-Party that

9   produces Disclosure or Discovery Material in this Action.

10          2.13 Professional Vendors: Persons or entities that

11   provide litigation support services (e.g., photocopying,

12   videotaping, translating, preparing exhibits or demonstrations,

13   and organizing, storing, or retrieving data in any form or

14   medium) and their employees and subcontractors.

15          2.14 Protected Material: Any Disclosure or Discovery

16   Material that is designated as "CONFIDENTIAL."

17          2.15 Receiving Party: a Party that receives Disclosure

18   or Discovery Material from a Producing Party.

19      **3.   SCOPE**

20      The protections conferred by this Stipulation and Order

21   cover not only Protected Material (as defined above), but also

22   (1) any information copied or extracted from Protected Material;

23   (2) all copies, excerpts, summaries, or compilations of Protected

24   Material; and (3) any testimony, conversations, or presentations

25   by Parties or their Counsel that might reveal Protected Material.

26      Any use of Protected Material at trial shall be governed by

27   the orders of the trial judge. This Order does not govern the use

28   of Protected Material at trial.

1     **4.  DURATION**

2     Even after final disposition of this litigation, the

3 confidentiality obligations imposed by this Order shall remain in

4 effect until a Designating Party agrees otherwise in writing or a

5 court order otherwise directs. Final disposition shall be deemed

6 to be the later of (1) dismissal of all claims and defenses in

7 this Action, with or without prejudice; and (2) final judgment

8 herein after the completion and exhaustion of all appeals,

9 rehearings, remands, trials, or reviews of this Action, including

10 the time limits for filing any motions or applications for

11 extension of time pursuant to applicable law.

12     **5.  DESIGNATING PROTECTED MATERIAL**

13     5.1  Exercise of Restraint and Care in Designating

14 Material for Protection. Each Party or Non-Party that designates

15 information or items for protection under this Order must take

16 care to limit any such designation to specific material that

17 qualifies under the appropriate standards. The Designating Party

18 must designate for protection only those parts of material,

19 documents, items, or oral or written communications that qualify

20 so that other portions of the material, documents, items, or

21 communications for which protection is not warranted are not

22 swept unjustifiably within the ambit of this Order.

23     Mass, indiscriminate, or routinized designations are

24 prohibited. Designations that are shown to be clearly unjustified

25 or that have been made for an improper purpose (e.g., to

26 unnecessarily encumber the case development process or to impose

27 unnecessary expenses and burdens on other parties) may expose the

28 Designating Party to sanctions.

1    If it comes to a Designating Party's attention that

2 information or items that it designated for protection do not

3 qualify for protection, that Designating Party must promptly

4 notify all other Parties that it is withdrawing the inapplicable

5 designation.

6        5.2  Manner and Timing of Designations. Except as

7 otherwise provided in this Order (see, e.g., second paragraph of

8 section 5.2(a) below), or as otherwise stipulated or ordered,

9 Disclosure or Discovery Material that qualifies for protection

10 under this Order must be clearly so designated before the

11 material is disclosed or produced.

12    Designation in conformity with this Order requires:

13    (a)  For information in documentary form (e.g., paper or

14 electronic documents, but excluding transcripts of depositions or

15 other pretrial or trial proceedings), that the Producing Party

16 affix at a minimum, the legend "CONFIDENTIAL" (hereinafter

17 "CONFIDENTIAL legend"), to each page that contains protected

18 material. If only a portion or portions of the material on a page

19 qualifies for protection, the Producing Party also must clearly

20 identify the protected portion(s) (e.g., by making appropriate

21 markings in the margins).

22    A Party or Non-Party that makes original documents available

23 for inspection need not designate them for protection until after

24 the inspecting Party has indicated which documents it would like

25 copied and produced. During the inspection and before the

26 designation, all of the material made available for inspection

27 shall be deemed "CONFIDENTIAL." After the inspecting Party has

28 identified the documents it wants copied and produced, the

1  Producing Party must determine which documents, or portions

2  thereof, qualify for protection under this Order. Then, before

3  producing the specified documents, the Producing Party must affix

4  the "CONFIDENTIAL legend" to each page that contains Protected

5  Material. If only a portion or portions of the material on a page

6  qualifies for protection, the Producing Party also must clearly

7  identify the protected portion(s) (e.g., by making appropriate

8  markings in the margins).

9      (b)  for testimony given in depositions that the Designating

10 Party identify the Disclosure or Discovery Material on the

11 record, before the close of the deposition all protected

12 testimony.

13     (c)  for information produced in some form other than

14 documentary and for any other tangible items, that the Producing

15 Party affix in a prominent place on the exterior of the container

16 or containers in which the information is stored the legend

17 "CONFIDENTIAL." If only a portion or portions of the information

18 warrants protection, the Producing Party, to the extent

19 practicable, shall identify the protected portion(s).

20         5.3  Inadvertent Failures to Designate. If timely

21 corrected, an inadvertent failure to designate qualified

22 information or items does not, standing alone, waive the

23 Designating Party's right to secure protection under this Order

24 for such material. Upon timely correction of a designation, the

25 Receiving Party must make reasonable efforts to assure that the

26 material is treated in accordance with the provisions of this

27 Order.

28

**6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1   <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time, with the exception of documents designated confidential that fall within the "Excepted Categories," discussed below. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed, with the exception of the "Excepted Categories," which is defined as: business documents relating to company policies and procedures, employment-related or medical documents pertaining to third parties (including but not limited to current or former employees and job applicants), and other documents that contain private information about third parties. Any challenge to a Designating Party's confidentiality designation of a document in the Excepted Categories must be made by the Challenging Party within fourteen ("14") calendar days after disclosure of the designation.

6.2   <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to

1  resolve each challenge in good faith and must begin the process

2  by conferring directly (in voice to voice dialogue; other forms

3  of communication are not sufficient) within 14 days of the date

4  of service of notice. In conferring, the Challenging Party must

5  explain the basis for its belief that the confidentiality

6  designation was not proper and must give the Designating Party an

7  opportunity to review the designated material, to reconsider the

8  circumstances, and, if no change in designation is offered, to

9  explain the basis for the chosen designation. A Challenging Party

10 may proceed to the next stage of the challenge process only if it

11 has engaged in this meet and confer process first or establishes

12 that the Designating Party is unwilling to participate in the

13 meet and confer process in a timely manner.

14      6.3  <u>Judicial Intervention</u>. If the Parties cannot resolve a

15 challenge without court intervention, the Designating Party shall

16 file and serve a motion to retain confidentiality under Civil

17 Local Rule 230 (and in compliance with Civil Local Rule 141, if

18 applicable) within 21 days of the initial notice of challenge or

19 within 14 days of the parties agreeing that the meet and confer

20 process will not resolve their dispute, whichever is earlier.

21 Each such motion must be accompanied by a competent declaration

22 affirming that the movant has complied with the meet and confer

23 requirements imposed in the preceding paragraph. Failure by the

24 Designating Party to make such a motion including the required

25 declaration within 21 days (or 14 days, if applicable) shall

26 automatically waive the confidentiality designation for each

27 challenged designation. In addition, the Challenging Party may

28 file a motion challenging a confidentiality designation at any

1  time if there is good cause for doing so, including a challenge

2  to the designation of a deposition transcript or any portions

3  thereof. Any motion brought pursuant to this provision must be

4  accompanied by a competent declaration affirming that the movant

5  has complied with the meet and confer requirements imposed by the

6  preceding paragraph. If a challenge is to the designation of

7  documents that fall within the Excepted Categories, the

8  Challenging Party shall bear the burden of filing a motion

9  challenging the confidentiality designation within the same time

10  requirements apply as set forth in this paragraph. The

11  confidentiality designation of a document in the Excepted

12  Categories shall remain in place unless the document is subject

13  to a Court order requiring the removal of such confidentiality

14  designation.

15      The burden of persuasion in any such challenge proceeding

16  shall be on the Designating Party, with the exception of

17  documents in the Excepted Categories, for which the burden of

18  persuasion in any such challenge proceeding shall be on the

19  Challenging Party. Frivolous challenges, and those made for an

20  improper purpose (e.g., to harass or impose unnecessary expenses

21  and burdens on other parties) may expose the Challenging Party to

22  sanctions. Unless the Designating Party has waived the

23  confidentiality designation by failing to file a motion to retain

24  confidentiality as described above, all parties shall continue to

25  afford the material in question the level of protection to which

26  it is entitled under the Producing Party's designation until the

27  court rules on the challenge.

28

**7.   ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1  Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2  Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

1      (d)   the court and its personnel;

2      (e)   court reporters and their staff;

3      (f)   professional jury or trial consultants, mock jurors,

4 and Professional Vendors to whom disclosure is reasonably

5 necessary for this Action and who have signed the "Acknowledgment

6 and Agreement to Be Bound" (Exhibit A);

7      (g)   the author or recipient of a document containing the

8 information or a custodian or other person who otherwise

9 possessed or knew the information;

10      (h)   during their depositions, witnesses ,and attorneys for

11 witnesses, in the Action to whom disclosure is reasonably

12 necessary provided: (1) the deposing party requests that the

13 witness sign the form attached as Exhibit 1 hereto; and (2) they

14 will not be permitted to keep any confidential information unless

15 they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit

16 A), unless otherwise agreed by the Designating Party or ordered

17 by the court. Pages of transcribed deposition testimony or

18 exhibits to depositions that reveal Protected Material may be

19 separately bound by the court reporter and may not be disclosed

20 to anyone except as permitted under this Stipulated Protective

21 Order; and

22      (i)   any mediator or settlement officer, and their

23 supporting personnel, mutually agreed upon by any of the parties

24 engaged in settlement discussions.

25   **8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN**

26 **OTHER LITIGATION**

27      If a Party is served with a subpoena or a court order issued

28 in other litigation that compels disclosure of any information or

1  items designated in this Action as "CONFIDENTIAL," that Party

2  must:

3      (a)  promptly notify in writing the Designating Party. Such

4  notification shall include a copy of the subpoena or court order;

5      (b)  promptly notify in writing the party who caused the

6  subpoena or order to issue in the other litigation that some or

7  all of the material covered by the subpoena or order is subject

8  to this Protective Order. Such notification shall include a copy

9  of this Stipulated Protective Order; and

10     (c)  cooperate with respect to all reasonable procedures

11 sought to be pursued by the Designating Party whose Protected

12 Material may be affected.

13     If the Designating Party timely seeks a protective order,

14 the Party served with the subpoena or court order shall not

15 produce any information designated in this action as

16 "CONFIDENTIAL" before a determination by the court from which the

17 subpoena or order issued, unless the Party has obtained the

18 Designating Party's permission. The Designating Party shall bear

19 the burden and expense of seeking protection in that court of its

20 confidential material and nothing in these provisions should be

21 construed as authorizing or encouraging a Receiving Party in this

22 Action to disobey a lawful directive from another court.

23     **9.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED**

24 **IN THIS LITIGATION**

25     (a)  The terms of this Order are applicable to information

26 produced by a Non-Party in this Action and designated as

27 "CONFIDENTIAL." Such information produced by Non-Parties in

28 connection with this litigation is protected by the remedies and

1  relief provided by this Order. Nothing in these provisions should

2  be construed as prohibiting a Non-Party from seeking additional

3  protections.

4        (b)   In the event that a Party is required, by a valid

5  discovery request, to produce a Non-Party's confidential

6  information in its possession, and the Party is subject to an

7  agreement with the Non-Party not to produce the Non-Party's

8  confidential information, then the Party shall:

9            (1)  promptly notify in writing the Requesting Party

10  and the Non-Party that some or all of the information requested

11  is subject to a confidentiality agreement with a Non-Party;

12            (2)  promptly provide the Non-Party with a copy of the

13  Stipulated Protective Order in this Action, the relevant

14  discovery request(s), and a reasonably specific description of

15  the information requested; and

16            (3)  make the information requested available for

17  inspection by the Non-Party, if requested.

18        (c)  If the Non-Party fails to seek a protective order from

19  this court within 14 days of receiving the notice and

20  accompanying information, the Receiving Party may produce the

21  Non-Party's confidential information responsive to the discovery

22  request. If the Non-Party timely seeks a protective order, the

23  Receiving Party shall not produce any information in its

24  possession or control that is subject to the confidentiality

25  agreement with the Non-Party before a determination by the court.

26  Absent a court order to the contrary, the Non-Party shall bear

27  the burden and expense of seeking protection in this court of its

28  Protected Material.

**10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

1    **12.   MISCELLANEOUS**

2         12.1 Right to Further Relief. Nothing in this Order

3    abridges the right of any person to seek its modification by the

4    Court in the future.

5         12.2 Right to Assert Other Objections. By stipulating

6    to the entry of this Protective Order no Party waives any right

7    it otherwise would have to object to disclosing or producing any

8    information or item on any ground not addressed in this

9    Stipulated Protective Order. Similarly, no Party waives any right

10   to object on any ground to use in evidence of any of the material

11   covered by this Protective Order.

12        12.3 Filing Protected Material. A Party that seeks to

13   file under seal any Protected Material must comply with Civil

14   Local Rule 141. Protected Material may only be filed under seal

15   pursuant to a court order authorizing the sealing of the specific

16   Protected Material at issue. If a Party's request to file

17   Protected Material under seal is denied by the court, then the

18   Receiving Party may file the information in the public record

19   unless otherwise instructed by the court.

20   **13.   FINAL DISPOSITION**

21        After the final disposition of this Action, as defined in

22   Section 5, within 60 days of a written request by the Designating

23   Party, each Receiving Party must return all Protected Material to

24   the Producing Party or destroy such material. As used in this

25   subdivision, "all Protected Material" includes all copies,

26   abstracts, compilations, summaries, and any other format

27   reproducing or capturing any of the Protected Material. Whether

28   the Protected Material is returned or destroyed, the Receiving

1  Party must submit a written certification to the Producing Party

2  (and, if not the same person or entity, to the Designating Party)

3  by the 60 day deadline that (1) identifies (by category, where

4  appropriate) all the Protected Material that was returned or

5  destroyed and (2) affirms that the Receiving Party has not

6  retained any copies, abstracts, compilations, summaries or any

7  other format reproducing or capturing any of the Protected

8  Material. Notwithstanding this provision, Counsel are entitled to

9  retain an archival copy of all pleadings, motion papers, trial,

10 deposition, and hearing transcripts, legal memoranda,

11 correspondence, deposition and trial exhibits, expert reports,

12 attorney work product, and consultant and expert work product,

13 even if such materials contain Protected Material, pursuant to

14 their document retention policy. Any such archival copies that

15 contain or constitute Protected Material remain subject to this

16 Protective Order as set forth in Section 4 (DURATION).

17      14.  Any violation of this Order may be punished by any and

18 all appropriate measures including, without limitation, contempt

19 proceedings and/or monetary sanctions.

20      IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

21

22

23

24

25

26

27

28

1

**<u>SIGNATURE CERTIFICATION</u>**

2   It is attested that all signatories listed below and on whose

3   behalf this filing is submitted concur in the filing's content

4   and have authorized this filing, including the use of /s/

5   electronic signatures.

6   DATED:  October 6, 2023          HANSON BRIDGETT LLP

7

8                              By:  _/s/ Kendall C. Fisher-Wu_
                                      DOROTHY S. LIU
9                                     KENDALL C. FISHER-WU
                                    *Attorneys for Defendants*
10                                  CEMEX CONSTRUCTION MATERIALS
                                    PACIFIC, LLC and CEMEX, INC.
11

12  DATED:  October 6, 2023          CLAYEO C. ARNOLD, PC

13

14                             By:  _/s/ Joshua H. Watson_
                                      JOSHUA H. WATSON
15                                  *Attorneys for Plaintiff*
                                      *Brian Brown*
16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name],
of _____ [print or type full address], declare under
penalty of perjury that I have read in its entirety and
understand the Stipulated Protective Order that was issued by the
United States District Court for the Eastern District of
California, on _____, 2023 in the case of *Brian Brown v.*
*CEMEX Construction Materials Pacific, LLC., et al.*, Case No.
2:22-cv-02128-WBS-DB.. I agree to comply with and to be bound by
all the terms of this Stipulated Protective Order and I
understand and acknowledge that failure to so comply could expose
me to sanctions and punishment in the nature of contempt. I
solemnly promise that I will not disclose in any manner any
information or item that is subject to this Stipulated Protective
Order to any person or entity except in strict compliance with
the provisions of this Order.

I further agree to submit to the jurisdiction of the United
States District Court for the Eastern District of California for
the purpose of enforcing the terms of this Stipulated Protective
Order, even if such enforcement proceedings occur after
termination of this action. I hereby appoint
_____ [print or type full name] of
_____ [print or type full
address and telephone number] as my California agent for service
of process in connection with this action or any proceedings
related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed:

_____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER

**ORDER**

Pursuant to the parties' stipulation, IT IS SO ORDERED.

IT IS FURTHER ORDERED THAT:

1.   Requests to seal documents shall be made by motion before the same judge who will decide the matter related to that request to seal.

2.   The designation of documents (including transcripts of testimony) as confidential pursuant to this order does not automatically entitle the parties to file such a document with the court under seal.   Parties are advised that any request to seal documents in this district is governed by Local Rule 141.   In brief, Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made.   L.R. 141(a).   However, a mere request to seal is not enough under the local rules.   In particular, Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information."   L.R. 141(b).

3.   A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy; however, where the material is, at most, "tangentially related" to the merits of a case, the request to seal may be granted on a showing of "good cause." Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-1102 (9th Cir. 2016); Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

4.   Nothing in this order shall limit the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial – such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

5.   With respect to motions regarding any disputes concerning this protective order which the parties cannot informally resolve, the parties shall follow the procedures outlined in Local Rule 251.   Absent a showing of good cause, the court will not hear discovery disputes on an ex parte basis or on shortened time.

////

////

6.   The parties may not modify the terms of this Protective Order without the court's approval.   If the parties agree to a potential modification, they shall submit a stipulation and proposed order for the court's consideration.

7.   Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this Protective Order after the action is terminated.

8.   Any provision in the parties' stipulation that is in conflict with anything in this order is hereby DISAPPROVED.

DATED: December 1, 2023                    /s/ DEBORAH BARNES
                                           UNITED STATES MAGISTRATE JUDGE