UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| BRIAN BROWN,<br><br>           Plaintiff,<br><br>    v.<br><br>CEMEX, INC.; CEMEX CONSTRUCTION MATERIALS PACIFIC, LLC; and DOES 1 to 10,<br><br>           Defendants. | No. 2:22-cv-02128 WBS DB<br><br>ORDER RE: BILL OF COSTS |

----oo0oo----

On July 10, 2024, the court entered summary judgment in favor of defendant on all five claims -- three federal claims asserted under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and two state claims asserted under the Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code § 12900 et seq., all of which relate to disability discrimination. (Docket No. 47.) On July 19, defendant submitted a Bill of Costs pursuant to Local Rule 292(b). (Docket No. 49.) Defendant claims costs of $672.00 for service and subpoena fees, $10,872.72

1

for transcripts, $55.00 for witnesses, and $57.70 for making copies of necessary documents, for a total of $11,657.42.  (Id.)

I.  Legal Standard

Federal Rule of Civil Procedure 54(d)(1) governs the taxation of costs and provides that "costs -- other than attorney's fees -- should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).  28 U.S.C. § 1920 enumerates which costs are taxable and allows for the recovery of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case," id. § 1920(2); "[f]ees and disbursements for printing and witnesses," id. § 1920(3); and "the costs of making copies of any materials where the copies are necessarily obtained for use in the case," id. § 1920(4).  "The cost of deposition copies is 'encompassed' by section 1920(2), and is therefore properly taxed" under 28 U.S.C. § 1920.  Alflex Corp. v. Underwriters Labs., Inc., 914 F.2d 175, 177 (9th Cir. 1990).  "[28 U.S.C.] section 1920(4) enables a court to award copying costs for any document 'necessarily obtained for use in the case' and does not specifically require that the copied document be introduced into the record to be an allowable cost." Haagen-Dazs Co. v. Double Rainbow Gourmet Ice Creams, Inc., 920 F.2d 587, 588 (9th Cir. 1990).

II.  Discussion

Plaintiff raises various objections to the bill of costs, which the court addresses by turn.  (Opp'n (Docket No. 50).)

    A.   First and Second Objections: Prevailing Defendant in
         FEHA Case

2

1         Plaintiff first invokes <u>Williams v. Chino Valley Indep.</u>
2    <u>Fire Dist.</u>, where the California Supreme Court held that "an
3    unsuccessful FEHA plaintiff should not be ordered to pay the
4    defendant's fees or costs unless the plaintiff brought or
5    continued litigating the action without an objective basis for
6    believing it had potential merit."  61 Cal. 4th 97, 99-100 (2015).
7    <u>See also</u> Cal. Gov. Code § 12965(c)(6) (codifying frivolity
8    requirement for award of costs for prevailing FEHA defendant).
9    On the other hand, Fed. R. Civ. P. 54(d) states that costs should
10   be allowed to the prevailing party "[u]nless a federal statute,
11   these rules, or a court order provides otherwise."
12        Plaintiff argues that, pursuant to the <u>Erie</u> doctrine,
13   <u>Williams</u> is a state substantive rule and should therefore
14   supersede any application of Rule 54(d).  However, reimbursement
15   of costs is generally considered a procedural matter and federal
16   law therefore controls.  <u>See</u> <u>Clausen v. M/V New Carissa</u>, 339 F.3d
17   1049, 1064 (9th Cir. 2003) (quoting <u>Aceves v. Allstate Ins. Co.</u>,
18   68 F.3d 1160, 1167–68 (9th Cir. 1995)); <u>see also</u> <u>Duran v. Stock</u>
19   <u>Bldg. Supply W., LLC</u>, 672 F. App'x 777, 779 (9th Cir. 2017)
20   ("[plaintiff] incorrectly asserts that [<u>Williams</u>] rendered the
21   award of costs 'substantive' for purposes of [<u>Erie</u>]").
22        Accordingly, defendant need not show that plaintiff's
23   claims were frivolous, and the court will not deny any portion of
24   defendant's bill of costs on this basis.
25   II.  <u>Third Objection: Witness Fee</u>
26        Plaintiff next argues that the $40 witness fee lacks a
27   receipt, and that defendant is double-billing plaintiff.  The
28   court finds no evidence in support of these contentions.  First,

3

defendant includes an invoice that clearly documents the expert witness fee; the court cannot discern why this does not suffice to substantiate the requested fee.  (Docket No. 49 at 13.)  Second, it appears from the invoice itself that the process server from Nationwide Legal advanced defendant $40, not plaintiff.  As plaintiff can point to no instance where he has previously been charged $40 for Dr. Grewal's deposition, the court will not remove this item from the bill of costs.

III. Fourth Objection: Duplicate Service Fee Charges

     Plaintiff next alleges that defendant's subpoena charges are vague and duplicative.  Specifically, plaintiff takes issue with charges for both "Basic Fee" and "Service Fee" line items for identical amounts that appear on each service and subpoena invoice.  However, defendant correctly points out that every instance of the "Basic Fee" line item was excluded from defendant's calculation of its total service fees.  (Docket No. 49 at 4, 7-12.)

     Accordingly, the court will not exclude these costs from the final bill.

IV.  Fifth, Sixth, and Seventh Objections: Unreasonable Deposition Charges

  A.  Plaintiff's Deposition

     Plaintiff next argues that defendant's invoice for plaintiff's deposition includes unreasonable line items -- namely, condensed and electronic transcript copies; video recording services; and a "media package," all totaling $1,208.75.  (Docket Nos. 50 at 6; 49 at 14.)  Defendant correctly argues that 28 U.S.C. § 1920(2) explicitly allows for recovery of "[f]ees for

1  printed or electronically recorded transcripts necessarily
2  obtained for use in the case."  Further, a prevailing party may
3  recover costs for both printed and electronically recorded
4  transcripts relating to necessary depositions.  See CP Anchorage
5  Hotel 2, LLC v. UNITE HERE! Loc. 878, No. 22-35318, 2023 WL
6  5319245, at *1 (9th Cir. Aug. 18, 2023) ("[B]oth printed and
7  electronically recorded transcripts may be 'necessarily obtained
8  for use in [a] case,' 28 U.S.C. 1920(2), and nothing in the
9  statute suggests that recovery is limited to only one format when
10 that requirement is met") (citing Stanley v. Cottrell, Inc., 784
11 F.3d 454, 465, 466-67 (8th Cir. 2015)).  The same goes for video
12 recordings of depositions, especially those of named parties in
13 discrimination cases.  See, e.g., Grasty v. San Juan USD, No.
14 2:18-CV-3242-KJN-PS, 2020 WL 1689720, at *1 (E.D. Cal. Apr. 7,
15 2020) (finding costs relating to videorecording the plaintiff's
16 deposition awardable when the plaintiff asserted discrimination
17 claims and the defendant recorded the deposition in order to have
18 the opportunity to "analyze plaintiff's credibility, demeanor,
19 and ability as a witness").

20     B.   Dr. Sharnjit Grewal's Deposition

21          Plaintiff challenges similar line items on the invoice
22 for the deposition of his own expert witness, Dr. Sharnjit Grewal.
23 (Docket Nos. 50 at 7; 49 at 21.)  Here, the court agrees with
24 plaintiff that the following charges do not appear to be
25 necessary for the case: $117.00 for "Transcript – Supplemental
26 Surcharges;" $116.00 for "Premium Litigation Package
27 (SBF,PTZ,LEF,PTX);" and $110.00 for "Smart Summary – Over 100
28 Transcript Pages."  (Docket No. 49 at 21.)  The court disagrees

with plaintiff otherwise for the same reasons that apply to the challenged line items from plaintiff's deposition invoice.

Accordingly, the court will adjust downward defendant's claimed transcript costs of $10,872.72 by ($117.00 + $116.00 + $110.00 = ) $343.00, resulting in an adjusted amount of $10,529.72.

III. Total Costs

In total, costs of **$11,314.42** will be allowed for defendant and are taxed against plaintiff as follows:

| Item | Amount |
|---|---|
| Fee for service of summons and subpoena | $672.00 |
| Fees for printed or electronically recorded transcripts necessarily obtained for use in the case | $10,529.72 (adjusted downward from $10,872.72) |
| Fees for witnesses | $55.00 |
| Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case | $57.70 |

IT IS SO ORDERED.

Dated: August 9, 2024

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE